UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTUAN BURRESS-EL,

       Plaintiff,

   v.

HAMILTON COUNTY JUVENILE COURTS,

       Defendant.

Case No. 1:18-cv-40

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On January 19, 2018, Plaintiff Antuan Burress-El[1] filed an unsigned motion seeking leave to file a fourth complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-2). The sole Defendant is identified as the Hamilton County Juvenile Courts.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which

---

[1] The same Plaintiff appears to have filed three prior lawsuits in this Court, all of which have been dismissed at the screening level, including Case No. 1:17-cv-866-TSB-KLL. Two additional lawsuits were filed in 2014 under the name Antuan L. Burress (with the same address and what appears to be the same signature, other than the absence of the "El" portion of his current surname). *See* Case Nos. 1:14-cv-390, 1:14-cv-391.

relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Allegations Of Complaint

Plaintiff's complaint alleges the following:

1) i, a man claim: Tampering [Transcripts; Mutilated]
2) the said wrongdoer(s) Tampered with my property (Transcripts);
3) the causal agent of the tampering, comes by way of its use of a mutilated instrument;
4) the tampering did And does harm and injury to my property;
5) the commencement of the Wrong and harm began on September 29, 2017;
6) the wrong And harm continues to this day, January 19, 2018;

3

   7) i, Require compensation For the initial and continual tampering upon my property;
   8) i, say here, and will testify in open court, that all herein be true.

(Doc. 1-2 at 3). For relief, Plaintiff seeks monetary compensation in the amount of $350,000.00. (Id. at 4). On a separate page, plaintiff restates his allegations as follows:

- the said wrongdoer(s) tampered with my property;
- the causal agent of the tampering, comes by way of its use of a forged instrument;
- the tampering did and does harm and injury to my property;
- the commencement of the wrong and harm began on September 29, 2017;
- the wrong and harm continues to this day, January 19, 2018;
- i, require compensation for the initial and continual tampering upon my property
- compensation due: Three-hundred and fifty thousand dollars.

(Doc. 1-2 at 4). The remainder of Plaintiff's complaint consists of miscellaneous documents including but not limited to what purports to be the text of federal criminal statutes relating to tampering, provisions of a subchapter of policies or procedures that purport to be from the U.S. Department of State Foreign Affairs Manual Volume 3, and various references to what appears to be Plaintiff's payment for a transcript of a proceeding that took place in Hamilton County Juvenile Court. Portions of a transcript of a hearing held on September 29, 2017 are also attached as part of the complaint. The attached transcript pages are marked with a yellow highlighter wherever the court reporter has used emphasis dashes "—" to set off parenthetical elements or to denote a pause within the body of a speaker's statement. (*See* Doc. 1-2 at 19).

### III. Analysis of Claims

Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety. The complaint lacks factual content or context from which

4

the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against the Defendant.

To the extent that Plaintiff may be invoking the diversity jurisdiction of this Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. The citizenship of the Plaintiff is not diverse from that of the sole Defendant.

The Court is also without federal question jurisdiction over the complaint. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). There is no private right of action under the referenced federal criminal statutes, and the undersigned is unable to discern from the minimal facts alleged any federal statutory or constitutional provision that would apply to give rise to an actionable claim for relief.

Last but not least, the complaint provides no factual content or context from which the Court may reasonably infer that the lone Defendant court (which appears not to be a legal entity capable of being sued under Ohio law)[2] violated Plaintiff's federal rights. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure o state a claim upon which relief may be granted.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B).

---

[2] *Burton v. Hamilton County Juvenile Court*, No. 1:04–cv–368, 2006 WL 91600, at *5 (S.D.Ohio Jan.11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued)

                                  *s/ Stephanie K. Bowman*
                                  Stephanie K. Bowman
                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTUAN BURRESS-EL,

    Plaintiff,

v.

HAMILTON COUNTY JUVENILE COURTS,

    Defendant.

Case No. 1:18-cv-40

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).